IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID JAROSLAWICZ., Individually and on behalf of all others similarly situated, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>M&T BANK CORPORATION, HUDSON CITY )<br>BANCORP, INC., ROBERT G. WILMERS, RENÉ F. )<br>JONES, MARK J. CZARNECKI, BRENT D. BAIRD, )<br>C. ANGELA BONTEMPO, ROBERT T. BRADY, T. )<br>JEFFERSON CUNNINGHAM III, GARY N. GEISEL, )<br>JOHN D. HAWKE, JR., PATRICK W.E. HODGSON, )<br>RICHARD G. KING, JORGE G. PEREIRA, )<br>MELINDA R. RICH, ROBERT E. SADLER, JR., )<br>HERBERT L. WASHINGTON, DENIS J. )<br>SALAMONE, MICHAEL W. AZZARA, VICTORIA )<br>H. BRUNI, DONALD O. QUEST, JOSEPH G. )<br>SPONHOLZ, CORNELIUS E. GOLDING, WILLIAM )<br>G. BARDEL, and SCOTT A. BELAIR, )<br>)<br>*Defendants*. ) | Civ. No. 15-897-RGA |

**MEMORANDUM ORDER**

Currently pending before the court is Defendants' motion to dismiss Plaintiffs' second amended class action complaint . (D.I. 75). Having reviewed the parties' briefs, the court issues the following order:

1. **Background.** In August 2012, Defendants executed a merger agreement pursuant to which M&T Bank Corporation would acquire Hudson City Bancorp. (D.I. 72 ¶ 58). To complete the merger, M&T stockholders had to approve the issuance of M&T common stock in the merger, and Hudson City stockholders had to adopt the merger agreement. In connection with the stockholder votes, M&T issued a prospectus filed pursuant to Rule 424(b)(3), and Hudson City issued a proxy statement on Schedule 14A (the "proxy").

2.      **Discussion.** In this action, Plaintiffs have sued Hudson City, M&T, and some of their current and former officers and directors, alleging that the proxy violated Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act"). (D.I. 72). Among other things, Plaintiffs argue that the proxy omitted significant risk factors required under Item 503(c) of Regulation S-K. (D.I. 78 at 11). Item 503(c) addresses "registrant[s]" and "prospectus[es]." 17 C.F.R. § 229.503(c). It does not mention proxies. The court is aware of a treatise stating that "[b]y its terms, Item 503(c) is not applicable to filings under the 1934 Act." Alan R. Bromberg et al., *Bromberg & Lowenfels on Securities Fraud* 5-401 (2d ed. 2017). The proxy was filed under the 1934 Act.

NOW, THEREFORE, it is HEREBY ORDERED that:

1. The parties shall meet and confer to determine whether they agree or disagree that Item 503(c) governs the proxy; and

2. If the parties agree, then no later than October 23, 2017, the parties shall submit a joint report that: (a) explains why Item 503(c) applies, and (b) cites supporting authorities; or

3. If the parties disagree, then no later than October 25, 2017, the parties shall submit separate letters putting forth their position with cites to supporting authorities.

4. If the supporting authorities are not available on Westlaw or Lexis Nexis, then courtesy copies should be provided to the court.

Dated: October 18, 2017

_____
UNITED STATES DISTRICT JUDGE