IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID JAROSLAWICZ, Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>M&T BANK CORPORATION, HUDSON CITY BANCORP INC., ROBERT G. WILMERS, RENE F. JONES, MARK J. CZARNECKI, BRENT D. BAIRD, ANGELA C. BONTEMPO, ROBERT T. BRADY, T. JEFFERSON CUNNINGHAM III, GARY N. GEISEL, JOHN D. HAWKE, JR., PATRICK W.E. HODGSON, RICHARD G. KING, JORGE G. PEREIRA, MELINDA R. RICH, ROBERT E. SADLER, JR., HERBERT L. WASHINGTON, DENIS J. SALAMONE, MICHAEL W. AZZARA, VICTORIA H. BRUNI, DONALD O. QUEST, JOSEPH G. SPONHOLZ, CORNELIUS E. GOLDING, WILLIAM G. BARDEL, and SCOTT A. BELAIR,<br><br>*Defendants*. | C.A. No. 15-00897-EJW |

**MEMORANDUM OPINION and ORDER**

Francis J. Murphy, Jr., Jonathan L. Parshall, MURPHY, SPADARO & LANDON, Wilmington, DE; Steven M. Coren, Benjamin M. Mather, Matthew R. Williams, KAUFFMAN, COREN & RESS, P.C, Philadelphia, PA.

*Counsel for Plaintiffs*.

Brian M. Rostocki, Anne M. Steadman, Justin M. Forcier, REED SMITH LLP, Wilmington, DE; Jonathan K. Youngwood, Janet A. Gochman, Tyler A. Anger, Katherine A. Hardiman, SIMPSON, THACHER & BARTLETT, New York, NY.

*Counsel for Defendants, M&T Bank Corporation, Brent D. Baird, Angela C. Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Mark J. Czarnecki, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Rene F. Jones, Richard G. King, Jorge G. Pereira, Melinda R. Rich, Robert E. Sadler Jr., Herbert L. Washington, and Robert G. Wilmers.*

1

Kevin R. Shannon, Jonathan A. Choa, Daniel Rusk, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Tracy Richelle High, Scott A. Foltz, SULLIVAN & CROMWELL LLP, New York, NY.

*Counsel for Defendants, Hudson City Bancorp Inc., Michael W. Azzara, William G. Bardel, Scott A. Belair, Victoria H. Bruni, Cornelius E. Golding, Donald O. Quest, Denis J. Salamone, and Joseph G. Sponholz.*

November 1, 2023
Wilmington, Delaware

**WALLACH, U.S. Circuit Judge, sitting by designation:**

The Court issued its Memorandum Opinion and Order ("Opinion") on August 28, 2023, denying Defendants' Motion to Exclude, and granting-in-part and denying-in-part Plaintiffs' Motion for Class Certification.  D.I. 218.  On September 12, 2023, Plaintiffs notified the Court by email that Defendants filed a Petition with the Court of Appeals for the Third Circuit seeking permission to appeal the Court's August 28, 2023 Opinion pursuant to Rule 23(f) of the Federal Rules of Civil Procedure and Rule 5 of the Federal Rules of Appellate Procedure.  Defendants filed their 23(f) Petition with the Third Circuit on September 11, 2023, Pet. for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(F) & Fed. R. App. P. 5, *Jaroslawicz v. M&T Bank Corp.*, No. 23-8038 (3d Cir. Sept. 11, 2023), D.I. 1-2, and Plaintiffs filed their Response brief with the Third Circuit on September 22, 2023, Resp. in Opp. to Pet. for Permission to Appeal, *Jaroslawicz v. M&T Bank Corp.*, No. 23-8038 (3d Cir. Sept. 22, 2023), D.I. 12.  On October 27, 2023, Plaintiffs filed a Letter notifying the Court that the Third Circuit denied Defendants' Petition.  D.I. 220; Order, *Jaroslawicz v. M&T Bank Corp.*, No. 23-8038 (3d Cir. Oct. 27, 2023), D.I. 15.

The Court "has the inherent power to reconsider prior interlocutory orders" where the Court "retain[s] jurisdiction over the case."  *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016).  However, under some circumstances, the Third Circuit applies a heightened

standard to reconsideration of prior orders, requiring either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court made its initial decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018).

Defendants argued in their Petition to the Third Circuit that the August 28, 2023 Opinion contained clear error of law in that it failed to conduct the rigorous analysis of the evidentiary record required under Third Circuit precedent in light of the elements Plaintiffs must prove susceptible to class-wide measurement under a Section 14(a) claim. *See* Defs.' Pet., *Jaroslawicz v. M&T Bank Corp.*, Case No. 23-8038 (3d Cir. Sept. 11, 2023), D.I. 1-2 at 10–11 (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318–320 (3d Cir. 2008)). As part of this argument, Defendants assert that the Opinion "declined to consider" the substance of Defendants' expert reports by Dr. Denis and Dr. Jiang and to "weigh that testimony" against that of Plaintiffs' experts under Rule 23(b)(3)'s predominance requirement. *See id.* at 17–18.

Plaintiffs argued in their Response before the Third Circuit that the level of rigorous analysis proposed by Defendants would impermissibly delve into decisions on the merits that are not properly decided at the class certification stage. *See* Pls.' Resp., *Jaroslawicz v. M&T Bank Corp.*, No. 23-8038 (3d Cir. Sept. 22, 2023), D.I. 12 at 12–13. Plaintiffs' argument is grounded in their interpretation of Supreme Court precedent in *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013).

The Court is persuaded by Defendants' argument in its Petition that the Court clearly erred in applying the Rule 23 legal standard for commonality and predominance as set forth in *Hydrogen Peroxide* by failing to rigorously consider the substance of the competing evidence in its August 28, 2023 Opinion. In *Hydrogen Peroxide*, the Third Circuit remanded the District Court's class

certification decision for failure to "resolv[e] disputes between the plaintiffs' and defendants' experts" regarding whether the elements of the claim were "susceptible to proof at trial through available evidence common to the class," in actuality, not merely in theory. *See* 552 F.3d at 325. The Third Circuit emphasized that "[w]eighing conflicting expert testimony at the certification stage is not only permissible; it may be integral to the rigorous analysis Rule 23 demands," and that a district court "may not decline to resolve a genuine legal or factual dispute because of concern for an overlap with the merits." *Id.* at 324. "Genuine disputes with respect to the Rule 23 requirements must be resolved, after considering all relevant evidence submitted by the parties." *Id.* The Supreme Court's *Amgen* opinion was issued in 2013, but the Third Circuit reaffirmed its *Hydrogen Peroxide* "rigorous analysis" standard in 2015. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 495–96 (3d Cir. 2015). Despite *Amgen's* proscription on delving any further into the merits than necessary to satisfy the Court that Rule 23(b)(3)'s requirement that "*questions* of law and fact predominate" is satisfied, "not that those questions will be answered on the merits in favor of the class," 568 U.S. at 459, the Third Circuit has clearly concluded that resolving genuine disputes at the class certification stage as required by *Hydrogen Peroxide* does not "bind the ultimate fact-finder on the merits" because the resolution "does not preclude a different view at the merits stage of the case." 552 F.3d at 324.

While considering the requirements of Rule 23(b)(3) and reviewing the competing evidence by the Parties regarding the loss causation of Plaintiffs' 14(a) claim, the Court found "a dispute between experts regarding whether economic loss exists in common class-wide," but the Court declined to resolve this dispute because the "conflicting positions of the experts can be resolved at a latter stage." D.I. 218 at 45. This clearly deviated from the requirement in *Hydrogen*

4

*Peroxide* that the Court weigh the conflicting testimony of the experts and resolve the genuine disputes inherent in these conflicts before making its predominance determination.

Therefore, the Court hereby finds that its August 28, 2023 Opinion clearly erred as a matter of law by failing to rigorously analyze the competing evidence in order to resolve the genuine disputes of the Parties regarding the requirements of Rule 23(b)(3). The Court retains jurisdiction over this matter, and hereby Orders under its inherent authority to reconsider its prior interlocutory orders that it will review and amend its August 28, 2023 Opinion consistent with Third Circuit precedent in *Hydrogen Peroxide*.

SO ORDERED